UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AKIB ABIOLA, | Case No. 17-13741 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| | ARTHUR J. TARNOW |
| v. | |
| | U.S. MAGISTRATE JUDGE |
| SELECT PORTFOLIO SERVICING, INC., ET AL., | MONA K. MAJZOUB |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER [5]**

In his Ex Parte Motion for Temporary Restraining Order [Dkt. #5], Plaintiff Akib Abiola asks the Court to enjoin the December 19, 2017[1] sheriff's sale of his home, located at 7548 Promontory Pointe in West Bloomfield, Michigan. The Court spoke with the parties during a status conference on December 14, 2017. For the reasons discussed during the conference and as explained below, Plaintiff's Ex Parte Motion for Temporary Restraining Order [5] is **DENIED**.

---

[1] During the status conference, Defense counsel informed the Court that the sheriff's sale was originally scheduled for mid-November. The December 19 date has been in place for approximately one month.

## FACTUAL BACKGROUND

Sometime in 2001, Plaintiff and his ex-wife, Gerritha, sought to obtain a loan. Due to Plaintiff's debt and problematic financial history, Plaintiff and Gerritha could not qualify for the loan if Plaintiff served as the Borrower.

On September 11, 2001, Gerritha obtained a $480,000 stated income loan from North American Mortgage Company ("NMAC").[2] Gerritha executed a Promissory Note evidencing the debt. Both Plaintiff and Gerritha signed the Note. The Note was secured by a mortgage.

NMAC approved Gerritha's loan by using the joint financial information of Plaintiff and Gerritha. At the time NMAC evaluated the loan request, Gerritha was a stay-at-home mother, so Plaintiff generated all of their household income.

NMAC sold the loan to Washington Mutual. Plaintiff and Gerritha entered into a loan modification with Washington Mutual before it shut down in September 2008. Shortly thereafter, Chase purchased all of Washington Mutual's assets, including Plaintiff's loan and/or servicing rights.

Plaintiff and Gerritha divorced in February 2008. In the divorce and property settlement agreement, Gerritha relinquished her right, title, and interest in the West Bloomfield home.

---

[2] Attached to Plaintiff's complaint are two versions of a Uniform Residential Loan Application. Gerritha's name and personal information – including employment, monthly income, and assets and liabilities – are on both forms. Plaintiff's name and personal information is only listed on one of the forms. Plaintiff does not explain this discrepancy.

During the status conference, Defense counsel stated that in March 2017, Plaintiff contacted Chase for a second loan modification, but ultimately asked to close his application. It is the Court's understanding that Plaintiff has not made any payment since 2009. Plaintiff's current outstanding balance is $452,331.13. According to Defense counsel, Plaintiff would need to pay more than $500,000 to settle the balance in full and stop the sheriff's sale. Furthermore, on November 16, 2017, the Honorable Judge Cheryl Matthews, of the Oakland County Circuit Court, denied Plaintiff's request for a temporary restraining order on the ground that he failed to show that he would suffer irreparable harm.

## ANALYSIS

The Court has discretion in deciding a motion for temporary restraining order. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Federal Rule of Civil Procedure 65 allows the Court to issue a temporary restraining order without notice to the adverse party if 1) the moving party establishes specific facts clearly showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion; and 2) counsel for the moving party certifies in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(A), (B). Also relevant to the Court's decision are the following four factors:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of [injunctive relief] would cause substantial harm to others; and (4) whether public interest would be served by issuance of a preliminary injunction.

*Summit County Democratic Central and Executive Committee v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004).

Weighing these factors, the Court finds that Plaintiff has not carried his burden in showing that he is entitled to a temporary restraining order. At this point, Plaintiff is 100 payments behind and nearly eight years delinquent. Plaintiff has lived in the West Bloomfield residence since 2009 without making payments. Plaintiff knew that the sheriff's sale was scheduled for mid-November, and then postponed until December 19, yet he waited until November 6, 2017 to take any action in this matter. As noted by Defense counsel, there is generally a redemption period following the sheriff's sale as relief available to Plaintiff. It is possible that Plaintiff could redeem the property at that time.

Plaintiff suggests that Defendants wrongfully refused payments, denied him the opportunity to modify the loan, and/or precluded him from refinancing the loan. He provides no further detail or evidence in support of these claims. Plaintiff appears to overlook the fact that "Michigan's loan modification statute 'merely requires that the lender consider modifying the borrower's loan before foreclosure; it does not create for the borrower an entitlement to a modification.'" *Nance v. Bank of America, N.A.*, 638 Fed. Appx. 476, 478 (6th Cir. 2016) (quoting

*Campbell v. Nationstar Mortg.*, 611 Fed. Appx. 288, 293-94 (6th Cir. 2015)). Furthermore, to the extent that Plaintiff sought a second loan modification, this claim appears to be meritless given that it was Plaintiff who requested that Defendants close his modification application.

## CONCLUSION

Plaintiff fails to set forth sufficient argument and evidence to establish each of the four factors necessary to be entitled to a temporary restraining order. Accordingly,

**IT IS ORDERED** that Plaintiff's Ex Parte Motion for Temporary Restraining Order [5] is **DENIED**.

**SO ORDERED**.

Dated: December 19, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge