

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

AKIB ABIOLA, an Individual,

                                Case No 17-13741

                                Docket #47

      Plaintiff

Vs.                               Honorable Kimberly Altman

SELECT PORTFOLIO SERVING, INC

A foreign corporation, DLJ MORTGAGE

CAPITAL, a foreign corporation and JP MORGAN

CHASE BANK, N.A.

Defendants

---

| | |
|---|---|
| Akib Abiola, In Person | Laura C. Baucus (P56932) |
| 7548 Promontory Pointe | Attorneys for Defendants |
| West Bloomfield, MI. 48322 | Dykema Gossett Pllc |
| | 395 Woodward Avenue #300 |
| | Bloomfield Hills, MI. 48304 |
| (248) 982-4672 | (248) 203-0700 |

---

### PLAINTIFF'S OBJECTION TO THE COURT'S REPORT AND RECOMMENDATION AND THE COURT'S ORDER DATED FEBRUARY 28, 2022.

    A. Objection. The Court should accept despite that it came outside the time allowed because the Court never notified me about Judge Altman's report and recommendation as required by court rules.

B. The Judge had promised that I would be notified of her decision in her previous orders on the case but the Court failed to notify me.

C. The Court knew that I did not receive its decision through numerous correspondence that I sent to the Court since the report and the order were issued but never attempted to inform me of their actions.

D. The Court had given me permission to write the Court instead of filing motions and strongly warned me not to file any motion on the case after my last motion.

E. The Defendants' attorneys knew that I did not receive the Court's report and order through numerous letters I sent to them since the decision was made but failed to send a copy to me.

F. The Defendants' attorneys in the past have sent me copies of the court decisions with their own letter concerning whatever the Court wrote but failed to do the same this time around.

G. The failure by the Court and the Defendants' attorneys to notify of these critical decisions was deliberate and part of a conspiracy to deny me my fundamental human rights, constitutional rights and my Civil rights.

H. The Judge's report and recommendation cited and agreed that indeed that the Defendants sent me a new contract for a loan modification. This new contract signed by all parties nullified the previous contract in the purported settlement agreement.

I. There was no provision for loan modification in the settlement agreement.

J. Any conflict in the new contract signed by both parties are out of the jurisdiction of this Court because they were initiated by the defendants and signed after the case has been dismissed with prejudice.

K. The Plaintiff took the deficiency in the new contract (loan modification) to the appropriate government agency responsible for mediating in such matters when he noticed that the Defendants were trying to commit a mortgage fraud.

L. The Defendants did an appraisal on the house in order to extend the new contract (loan modification) but failed to inform the homeowner about the new appraised value of the property contrary to the rules and regulations by the FHA and Michigan State's Office of Consumer Finance.

M. The Defendants committed mortgage fraud in the new contract (loan modification) by setting the new principal balance for the loan modification at 50% more than the appraised value.

N. The Defendants did not send the appraisal report to me or notified me about the value prior to the new contract. The deliberately hide the value from me in order to perpetuate and perfected their fraud.

O. The defendants have been involved in similar fraudulent practices in the past and that was why they (DLJ Mortgage Capital) and its affiliates were banned by SEC.

P. The title and the mortgage on the property in this lawsuit is in Gerritha Abiola and Akib Abiola and Gerritha was not a party to the purported settlement agreement. (See attachment A.)

Q. The lawsuit primary objective as stated in the complaint was to force the Defendants to honor and comply a loan modification promised to the Plaintiff and not to stop foreclosure.

R. Therefore, when the Defendants offered a loan modification after the case was dismissed, the Plaintiff believed that the defendants did so in good faith. Any conflict arising from that loan modification contract is beyond the jurisdiction of this Court because loan modification was never part of the settlement agreement.

S. Finally, the settlement agreement being cited in the Judge's report and recommendation was procured through fraudulent means and misrepresentation, therefore the report, recommendation and the Order should be declared null and void.

Just as the Court stated unequivocally in 2019 that it has no jurisdiction over the case anymore because it was dismissed with prejudice, the Court should apply the same principles this time around. Besides there is no DLJ Mortgage Capital and if there is no DLJ then there is no contract.

Respectfully submitted,

Akib A. Abiola  7/26/22
In Person
7548 Promontory Pointe
West Bloomfield, MI. 48322
(248) 982-4672
Aakib@aol.com

Dated July 26, 2022.

Akib A. Abiola
7548 Promontory Pointe
West Bloomfield, MI. 48322

July 25, 2022

President & CEO
Select Portfolio Servicing, Inc
P.O. Box 65450
Salt Lake City, UT. 84165-0450

**RE: Criminal Complaint Filed Regarding 2017-13741 Loan #0019850072**

Please be advised that criminal complaints have been filed against the Defendants and their attorneys regarding the above loan and civil case.

Basis of the complaints are:
1. Conspiracy to deny me my constitutional rights by hiding the Magistrate Judge's report and recommendation from me so that I won't be able to file my objection within the time allowed by the court.
2. Violation of my constitutional rights and Civil rights by not mailing the Order entered by the Judge to me after the Order was entered. The non-mailing was deliberate so that I won't file an objection during the period allowed by the court rules.
3. The settlement agreement was fraudulent and the motion filed on behalf of DLJ Mortgage Capital was fraudulent because DLJ Mortgage Capital is non-existent and was not the investor on my loan. Furthermore, they have been banned from mortgage and financial services business by the Security and Exchange Commission due to fraud.
4. When my attorney Tatanisha Reed and I approached the Court in 2019 asking the Court to compel the Defendants to honor the settlement agreement, we were told that because the case was dismissed with prejudice that the Court can no longer do anything with the case.
5. However, when the Defendants and their attorneys all Whites approached the Court three and half years later, the Court did not apply the same rules to them. I believe my request was denied and theirs honored due to racism.
6. The Court, the Defendants and their attorneys were aware that I never received the Magistrate's report and recommendation through my emails of January 31, March 2, March 28, March 31, April 4, April 10 and June 25 and they never responded or attempted to mail the report or the order to me.
7. It was when I called the Court on July 21 to check if my email to the Court asking them to delay any report and recommendation due to fraud and misrepresentation by the Defendants and their attorneys, that Ms. Ciesla informed me that a report and an Order has been entered and she promised to mail them to me.
8. The Court had previously informed me that they would mail me their decision and also informed me not to file any more motion regarding the matter. This is why I have

communicated with the Court through emails and they have responded to my emails in the past.

When an issue of fraud is brought to the attention of the Court, the court has an obligation to investigate the allegation and refer the matter to the appropriate agencies.

I have informed the Court before its decision that the Power of Attorney that was purportedly given by DLJ Mortgage Capital was fraudulent. I also informed the Court that DLJ was not the investor on my loan and could not be the respondent.

I further informed the Court and the Defendants attorneys that the Defendant SPS failed to inform us the real investor on my loan as required by laws and statutes pertaining to home mortgages.

Many homeowners have lost their homes to crooked investors due to irregularities and underhandedness of unscrupulous attorneys and their cohorts.

Because the Court failed to inform me about its report, recommendation and order as required by law and furthermore because of the criminal complaint and investigation, I am hereby asking the Court to annul its decision.

The Defendants and their attorneys and the Court were informed about me filing a criminal complaint before I received the Court's report and decision.

This is a serious matter and I hope everyone involved in this matter would take it seriously.

Also this is a serious warning to Ms. Laura Baucus not to try what she did a few years ago when government agencies were investigating this loan when she deliberately lied to them that the matter was in litigation.

The matter was not in litigation at the time. The government agencies were only investigating why the defendants gave me a new principal balance that was 50% higher than the appraised value of the property in their loan modification offer and why they refused to allow me to refinance my loan through another lender.

Ms. Baucus misrepresentation of the facts thwarted the government investigation.

Respectfully,

*[signature]*

Akib Abiola
(248) 982-4672


P.S. The Mortgage and the title are in Gerritha Abiola and Akib Abiola's names and Gerritha is not a party to the purported settlement or included in the Court's Order.

April 27, 2022

**SPS | Select Portfolio SERVICING, inc.**



GERRITHA L ABIOLA
AKIB ABIOLA
7548 PROMONTORY POINTE
WEST BLOOMFIELD, MI 48322-0000

Sign up for paperless delivery at www.spservicing.com

Paperless

Property Addr: 7548 PROMONTORY POINTE    Mort Code: 00779



WEST BLOOMFIELD TOWNSHIP
TERI WEINGARDEN, TREASURER
4550 WALNUT LAKE ROAD
WEST BLOOMFIELD, MI 48323

**PLEASE KEEP FOR YOUR RECORDS**

| This tax is due by: | 09/14/2022 |
|---|---|
| Make Check Payable To: | West Bloomfield Township |
| 2022 Summer | Prop Tax ID X-18-31-176-019 |

**AMOUNT DUE: 5,806.83**

**INFORMATIONAL COPY**

Please keep for your records. The original tax bill was submitted to your Mortgage Company on file.



*****AUTO**5-DIGIT 48323
ABIOLA, AKIB & GERRITHA
7548 PROMONTORY POINTE
WEST BLOOMFIELD, MI 48322-2658

1671050183117601900058068 37

*[Envelope image]*

Return address:
7548 Promontory Pointe
W. Bloomfield, MI. 48322

Addressee:
United States District Court
Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 West Lafayette Blvd.
Fifth Floor
Detroit, MI. 48226

Attn:
Office of The Clerk
Re: 2017-13741

RECEIVED
JUL 29 2022
CLERK'S OFFICE
U.S. DISTRICT COURT

U.S. POSTAGE PAID
FCM LG ENV
WALLED LAKE, MI
JUL 26, 22
AMOUNT
$1.44
R2305K131972-05

U.S. MARSHALS