UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **AKIB ABIOLA,**<br><br>               Plaintiff,<br><br>   vs.<br><br>**SELECT PORTFOLIO SERVICING, INC., DLJ MORTGAGE CAPITAL, INC., and JPMORGAN CHASE BANK, N.A.,**<br><br>               Defendants. | **2:17-CV-13741-TGB-KGA**<br><br>**ORDER ADDRESSING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE ALTMAN'S REPORT AND RECOMMENDATION (ECF NO. 61),**<br><br>**STRIKING SUPPLEMENTAL FILINGS (ECF NOS. 62, 65),**<br><br>**AND DENYING REQUEST FOR EVIDENTIARY HEARING (ECF NO. 66)** |

Before the Court are Plaintiff Akib Abiola's Objections (ECF No. 61) to Magistrate Judge Kimberly G. Altman's Report and Recommendation of December 15, 2021 (ECF No. 59), recommending that Defendants' Motion to Enforce Settlement Agreement (ECF No. 47) in this long-closed case be granted. The Objections are postmarked July 26, 2022.

The Court entered an Order adopting the Report and Recommendation on February 28, 2022. (ECF No. 60.) A review of service receipts in this case shows that Abiola—who was formerly represented by counsel but has been representing himself in post-settlement proceedings—was not properly served with the Report and

1

Recommendation until July 21, 2022, so that Order is hereby **VACATED**. For the reasons explained below, however, Abiola's objections will be **OVERRULED**.

Abiola has also submitted several additional filings, accusing Defendants of perjury and various forms of misconduct and asking for an evidentiary hearing. The request for a hearing (ECF No. 66) will be **DENIED**, and his other filings (ECF Nos. 62, 65) will be **STRICKEN**.

## I.   Background

In 2017, Akib Abiola sued Select Portfolio Servicing, DLJ Mortgage Capital, and JPMorgan Chase Bank in Oakland County Circuit Court over a home he had purchased with his ex-wife. He alleged that, following his divorce, Defendants improperly refused his requests for a loan modification, failed to properly report his mortgage history on his credit report, and refused to accept his mortgage payments. (ECF No. 1.) He asked for damages and orders compelling Defendants to allow him to refinance the loan and blocking any attempts to foreclose on his home by advertisement. As exhibits, he attached loan documents and a divorce decree, awarding him the home but assigning him all outstanding debts and other obligations. Abiola was a Michigan citizen and Defendants were not, so Defendants chose to remove the case to federal court.

A year later, in 2018, the parties told the Court that they had reached a settlement agreement, and the Court entered a stipulated order dismissing and closing the case. (ECF No. 46.) Under the terms of

that agreement, Abiola agreed to vacate his home by January 4, 2019, and he relinquished any claims related to his mortgage, foreclosure proceedings, and alleged wrongdoing by Defendants. (ECF No. 47-2.) He also agreed to sign a consent order of eviction, which Defendants could submit without a hearing if he failed to vacate the property. In exchange, Defendants agreed to make two payments to him—the first within fourteen days of dismissal, and the second after he vacated the home. The agreement stated that it "supersede[d] all prior and contemporaneous statements, promises, understandings or agreements, whether written or oral." (*Id.* at PageID.667.) It further stated that it could be amended "at any time" upon approval by the parties, but to be effective the amendments needed to be "in writing and signed by all Parties." (*Id.*)

In July 2021, over two years after Abiola was supposed to have vacated his home, Defendants filed a motion seeking to enforce the terms of the settlement agreement. (ECF No. 47.) They asserted that, although Abiola had accepted a check for the first payment, he remained in possession of the property. As attachments, they submitted emails from Abiola, in which Abiola asserted that he had received a loss mitigation offer from SPS allowing him to remain in his home and superseding the terms of the settlement agreement, that he never endorsed the check for the first payment, and that he had not authorized his lawyer to dismiss the case. (ECF No. 47-4, 47-6.) They also submitted an email from Abiola's former lawyer, advising that he would "not be representing Mr.

Abiola if there are any more proceeding[s] other than consummating the signed settlement agreement." (ECF No. 47-8.)

Representing himself at this point, Abiola responded that the Court lacked authority to enforce the settlement agreement. (ECF No. 51, 53.) He also argued that the agreement was invalid because Defendants had made him several post-settlement offers (including loan modification offers) with the intention of escaping their obligation to tender him a second settlement check—and because Defendants had misrepresented the terms of the agreement before and after he signed it and had conspired with his lawyer to have the case dismissed (he did not provide details). Abiola further contended that the agreement could not be enforced because the limitations period on his original loan had expired, there was no valid eviction order on file, and a necessary Defendant entity—JPMorgan Chase—was not formally joined as a party to the motion.[1] Finally, he accused Defendants and their counsel of several forms of misconduct—including conflicts of interest, misrepresentations, and discrimination—and noted that he had referred the case to various government agencies for investigation of civil rights violations.

With his response, Abiola submitted several documents. The first was an excerpt from a loss mitigation letter from SPS, post-dating the

---

[1] The motion was filed on behalf of SPS and DLJ, but the docket reflects that all three defendant entities are represented by the same counsel.

4

settlement agreement but pre-dating the agreed-upon move-out date, advising that Abiola "could receive permanent changes" to his loan "depending on [his] circumstances and available program options." (ECF No. 53, PageID.731.) The second was another excerpt from an SPS letter, post-dating the move-out date by six days, approving Abiola for a trial loan modification offer "intended to help [him] avoid foreclosure or other legal action" if he made six payments on an installment plan. (*Id.* at PageID.732-35.) The third was a 2020 letter from SPS's counsel, proposing to resolve the ongoing dispute over settlement enforcement via a short pay, a loan modification, or a deed in lieu of foreclosure if Abiola signed an amendment to the settlement agreement. (*Id.* at PageID.736-37.) Finally, Abiola attached emails and letters to his former lawyer and Defendants' counsel, referencing prior lawsuits and accusing Defendants of fraud. (*Id.* at PageID.738-56.)

In reply, Defendants acknowledged that they had extended additional offers to Abiola after he failed to vacate the premises. They argued, however, that those offers did not invalidate the settlement agreement and that, in any event, Abiola had failed to comply with the terms of those offers. (ECF No. 52, 55.) They attached a letter, dated July 18, 2019, discussing demands by Abiola to receive the second settlement payment (even though he remained in possession of the property) and detailing various loan modification offers, Abiola's lack of compliance with them (he made only one payment on the installment plan, for

example, when he was required to make six), and additional efforts to resolve the matter by extending Abiola's move-out date. (ECF No. 52-2.)

The then-presiding judge, the Honorable Arthur J. Tarnow, referred the matter to Magistrate Judge Kimberly G. Altman. On December 15, 2021, Judge Altman prepared a Report and Recommendation, recommending that the motion to enforce the settlement be granted. (ECF No. 59.) Judge Altman concluded that the settlement agreement was a binding, enforceable contract, that Abiola had breached it by failing to move out, and that he had no grounds to argue for recission of the agreement. She acknowledged but saw no merit in Abiola's various arguments against enforcement. Her Report and Recommendation advised that the parties had 14 days—until December 29, 2021—to file objections and provided instructions for doing so.

Unfortunately, the Report and Recommendation was inadvertently served on Abiola's former lawyer instead of on Abiola.[2] In February 2022, the case was transferred to the undersigned and, on February 28, the undersigned entered an order adopting the Report and Recommendation. (ECF No. 60.) A few months later, the lack of proper service came to the

---

[2] Under Local Rule 83.25(b)(1)(A), an attorney's appearance continues through the entry of a final order or judgment disposing of all of the claims—in this case, the stipulated order of dismissal entered on December 11, 2018. (ECF No. 46.) While Abiola's former lawyer no longer represents him, he remains on the service list because he has not formally withdrawn from the case.

Court's attention and, on July 21, the Court served the Report and Recommendation and the order adopting it on Abiola by mail.

On July 26, 2022, Abiola filed objections to the Report and Recommendation. (ECF No. 61.) Shortly thereafter, he submitted an additional filing, styled as a "Motion to Inform the Court that the Defendants and their Attorneys Committed Perjury, Fraudulent Acts and Gross Misrepresentation." (ECF No. 62.) After Defendants responded to his objections, Abiola submitted two more filings—a "Motion to Bring to the Attention of the Court the Misrepresentation in the Defendants Responses" and a "Motion to Present Evidence and Call Witnesses to Prove that Defendants and their Attorneys Committed Perjury, Criminal and Fraudulent Acts." (ECF Nos. 65, 66.) The Court now addresses the objections and pending motions.

## II.    Legal Standard

Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Objections must cite the specific portion of the report and recommendation to which they pertain. Failure to object waives further review of a district court's adoption of the report and recommendation. *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007). And the filing of vague, general, or conclusory objections is insufficient to preserve issues for further review. *Cole v. Yukins*, 7 Fed. App'x 354, 356 (6th Cir. 2001).

This Court must review de novo (as if it were considering the issues for the first time) the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge … or receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

## III.  Discussion

### A. Objections

Abiola's objections do not comply with Judge Altman's instructions about numbering but instead take the form of statements numbered "A" through "S." Nor do they comply with the requirement that they cite the specific portion of the Report and Recommendation to which they pertain. The Court interprets the statements as falling into five categories of general objections.

The first group of statements, "A" through "G," concerns the belated service of the Report and Recommendation on Abiola. Because the Court is vacating its prior order adopting the Report and Recommendation based on its conclusion that Abiola was not properly served until July 21, 2022, these objections are **OVERRULED** as moot.

The second group of statements, "H" through "I," "K" through "O," and "Q" through "R," revisits Abiola's contentions that he received loan modification offers from Defendants post-dating and nullifying the settlement agreement. In these statements, Abiola asserts that Judge

8

Altman "cited and agreed that indeed the Defendants sent [him] a new contract for a loan modification." He further asserts that the loan modification offers were fraudulent, made in bad faith, did not comply with applicable rules and regulations regarding property appraisals, and have been referred to various government agencies for investigation.

To the extent Abiola suggests that Judge Altman recognized the loan modification offers as superseding the settlement agreement, he mischaracterizes the conclusions from her Report and Recommendation. Judge Altman acknowledged only that Abiola entered into a loan modification plan post-dating the settlement—not that any of the plan amended, superseded, or breached the original agreement.

As Judge Altman noted, Abiola has not provided any legal authority supporting his contention that the loan modification offers were amendments to or breaches of the settlement agreement. And he does not dispute that he did not comply with the terms of the trial loan modification plan into which he entered—*i.e.*, he was required to make six payments but made only one. He cites no authority supporting his suggestions that the settlement agreement is somehow invalidated by pending state agency investigations. And he has submitted no evidence showing that a written amendment to the settlement agreement was ever executed; the record, meanwhile, shows repeated attempts by Defendants to resolve this matter out of court despite Abiola's clear breach of the agreement by failing to vacate the property. Under these

circumstances, any argument that the loan modification offers superseded the settlement agreement is without merit. Accordingly, these objections are **OVERRULED.**

The third category, statement "J," revisits Abiola's argument that the Court lacks jurisdiction to enforce the settlement agreement because the case was dismissed with prejudice. As Judge Altman explained, however, district courts retain authority to summarily enforce settlement agreements that produced the dismissal of a federal suit, even if the order of dismissal does not expressly note the retention of this authority, when the court has diversity or federal question jurisdiction over the breach-of-settlement-agreement controversy. *See Limbright v. Hofmeister*, 566 F.3d 672, 675-76 (6th Cir. 2009); *Cernelle v. Graminex, LLC*, 437 F. Supp. 3d 574, 593 (E.D. Mich. Feb. 4, 2020). This objection is **OVERRULED**.

The fourth category of statements, "P," appears to be a contention that the settlement agreement is somehow invalid because Abiola's ex-wife, Gerritha, was not a party to it. Abiola did not raise this argument before Judge Altman, and the general rule is that arguments appearing for the first time in objections to a magistrate judge's report and recommendation will not be entertained. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). In any event, Abiola did not join his ex-wife as a necessary plaintiff to this action when he filed it, and he included with his complaint a copy of the divorce decree awarding him the home

10

and assigning him all outstanding debts and obligations on the home. This group of objections is also **OVERRULED**.

The final statement, "S," renews Abiola's contention that the settlement is void because it was procured through fraudulent means. But as Judge Altman properly observed, the party attacking a settlement "bear[s] the burden of showing that the contract he has made [was] tainted with invalidity." *Callen v. Pennsylvania R. Co.*, 332 U.S. 625, 630 (1948). Abiola has failed to show that there are any terms in the written settlement agreement which Defendants had no intention of fulfilling. This objection is therefore **OVERRULED**.

### B. Other Filings

In addition to his objections, Abiola has submitted several filings to the Court. These filings include a "Motion to Inform the Court that the Defendants and their Attorneys Committed Perjury, Fraudulent Acts, and Gross Misrepresentations," (ECF No. 62); a "Motion to Bring to the Attention of the Court the Misrepresentation in the Defendants' Responses to Plaintiffs' Objections" (ECF No. 65); and a "Motion to Call Witnesses to Prove that Defendants and their Attorneys Committed Perjury, Criminal and Fraudulent Acts" (ECF No. 66).

With regard to ECF Nos. 62 and 65, the Court recognizes Abiola's status as a self-represented litigant and has thus afforded him considerable leniency with procedural rules. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To the extent these filings contain evidence

supplementing his objections to Judge Altman's Report and Recommendation, the Court has considered them in connection with those objections. But Federal Rule of Civil Procedure 72 governs the form of objections to a magistrate judge's report and recommendation, and Abiola has not asked for permission to submit supplemental filings. Moreover, these filings accuse Defendants of criminal activity and ask the Court to initiate a criminal investigation. This is a civil case between two private parties, and the Court does not have the authority to order such relief. Abiola notes that he has already referred his case to several government agencies; those agencies are the appropriate entities to undertake any necessary investigations. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."). Accordingly, these filings will be **STRICKEN**.[3]

The Court will construe ECF No. 66 as a request for an evidentiary hearing. The Sixth Circuit has observed that evidentiary hearings should be held in settlement enforcement proceedings if there are substantial factual disputes about the terms of a settlement agreement or the parties'

---

[3]     Defendants opposed these motions by filing responses (ECF Nos. 64, 69, 70, 71 and 72), seeking attorney's fees. Given Abiola's status as a self-represented litigant, and the fact that the motions are being stricken, the Court does not find that an award of attorney's fees would be appropriate.

entry into it. *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976). From Abiola's filings, however, it is clear that—while factual disputes may remain regarding the origination of his home loan and his efforts to refinance it—these disputes are not relevant to enforcement of the terms of the settlement agreement. The terms of the agreement unambiguously require Abiola to vacate his property in exchange for two payments and release his claims relating to any wrongdoing by Defendants. Abiola's signature appears clearly on the document, and in his filings he acknowledges that there was indeed "an executed settlement agreement in place." (ECF No. 66, PageID.863.) There are no factual disputes left for the Court to resolve. As the Court's authority to summarily enforce a settlement is well established, the request for a hearing is **DENIED**.

The Court notes that, in addition to these filings, Abiola has repeatedly emailed court staff with demands for the Court to refer his case to a federal prosecutor and with status updates regarding investigations into his case by various government agencies. As noted above, the Court lacks the authority to order any sort of government investigation or criminal prosecution. And the content and form of these communications is improper. While the Court has indulged Abiola's filings in light of his self-represented status, the leniency accorded to him by virtue of that status has limits. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *see also Downs v. Westphal*, 78 F.3d 1252, 1257 (7th

Cir. 1996) (observing that being a self-represented litigant does not give a party "the discretion to choose which of the court's rules and orders it will follow, and which it will willfully disregard"). Abiola is **CAUTIONED** to discontinue these communications. Further requests for the Court to launch any sort of criminal investigation will be summarily stricken.

## IV.   Conclusion

Because Abiola was not served with Judge Altman's Report & Recommendation until July 21, 2022, the Court's February 28, 2022 Order adopting the Report and Recommendation (ECF No. 60) is **VACATED.**

Nonetheless, Abiola's objections are **OVERRULED**. Having carefully reviewed the record and Abiola's arguments, the Court again **ACCEPTS** and **ADOPTS** Judge Altman's Report and Recommendation of December 15, 2021 (ECF No. 59). Defendants' Motion to Enforce the Settlement Agreement (ECF No. 47) is **GRANTED**, and Abiola is hereby directed to comply with the terms of the agreement.

Abiola's request for an evidentiary hearing (ECF No. 66) is **DENIED.** His additional filings (ECF Nos. 62, 65) are **STRICKEN**.

**IT IS SO ORDERED**, this 19th day of December, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge