UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **AKIB ABIOLA,**<br><br>Plaintiff,<br><br>vs.<br><br>**SELECT PORTFOLIO SERVICING, INC., DLJ MORTGAGE CAPITAL, INC., and JPMORGAN CHASE BANK, N.A.,**<br><br>Defendants. | **2:17-CV-13741-TGB-KGA**<br><br>**ORDER DENYING MOTION FOR JUDGMENT AND SANCTIONS (ECF NO. 74)**<br><br>**AND DENYING MOTION FOR STAY (ECF NO. 76)** |

Self-represented Plaintiff Akib Abiola returns to the Court, challenging the enforcement of a settlement agreement he entered into in 2018. He has filed a Motion for Entry of Judgment and Sanctions Against the Defendants (ECF No. 74) and a Motion to Stay the Court's December 19, 2022 Order Enforcing the Settlement Agreement (ECF No. 76). For the reasons below, these motions will be **DENIED.**

I.   BACKGROUND

The procedural history of this case is recounted at length in the Court's prior order. (ECF No. 75.) In short: Abiola sued Defendants over a home he had purchased with his ex-wife, asking for damages and orders compelling Defendants to allow him to modify his home loan and blocking any attempts to foreclose on his home. The parties reached a settlement in late 2018, in which Abiola agreed to vacate his home by January 4,

1

2019 in exchange for two payments. Accordingly, the Court entered an order dismissing and closing the case.

More than two years after Abiola was supposed to have vacated the property, in July 2021, Defendants moved to enforce the settlement agreement. (ECF No. 47.) They asserted that Abiola had accepted the first settlement payment but remained in possession of the house. Abiola responded that the agreement was invalid for several reasons—among others, because Defendants misrepresented its terms (he did not elaborate), and because Defendants had extended him other offers that superseded and nullified it. (ECF Nos. 51, 53.)

The Court referred the motion to Magistrate Judge Kimberly G. Altman, who recommended granting it. (ECF No. 59.) Unfortunately, her recommendation was not properly served on Abiola. The deadline for objections thus passed without any filings from him, and the Court adopted the recommendation. (ECF No. 60.) When Abiola learned what had happened, he filed belated objections. (ECF No. 61.) He also submitted a number of other filings, accusing Defendants of fraud, racism, and other misconduct, asking the Court to launch a criminal investigation, and seeking an evidentiary hearing. (ECF Nos. 62, 65, 66.)

On December 19, 2022, after receiving Abiola's objections, the Court vacated its prior order to consider them. After reviewing the objections, the Court overruled them and re-adopted the recommendation of Magistrate Judge Altman. (ECF No. 75.) It also struck Abiola's

supplemental filings as procedurally improper and denied his request for an evidentiary hearing, concluding that—while disputes remained over the origination of Abiola's loan—there were no facts left for the Court to find concerning his entry into the settlement agreement. Noting that Abiola had already referred his case to various government agencies, the Court further explained that it lacked authority to order a criminal investigation in a civil case.

Four days before the Court entered this order, on December 15, Abiola submitted a "Motion for Entry of Judgment and Sanctions." (ECF No. 74.) In this filing, he repeated his arguments that the settlement was "null and void." He added that he had requested proof that Defendants' counsel had authority to enter into the agreement in the first place but had not received it. He also repeated his accusations that Defendants were engaging in misconduct and, as a sanction, asked for the entry of a $1,000,000 judgment against them.

After the Court entered its order, on December 29, Abiola filed a motion to stay it or refer his case for mediation. (ECF No. 76.) Repeating his accusations of fraud and adding additional allegations of misconduct, he asserted that the stay was necessary to allow the government agencies to which he had referred his case to complete their investigations into his reports of fraud and other crimes unimpeded.

Then, on January 4, 2023, Abiola filed a notice of appeal from the Court's December 19, 2022 order. (ECF No. 77.)

Defendants have not filed a response to Abiola's Motion for Judgment and Sanctions. But they have responded to Abiola's Motion for a Stay (ECF Nos. 79, 80), and Abiola has further filed a reply (ECF No. 81). The Court now addresses these two motions.

## II. Discussion

### A. Motion for Judgment and Sanctions (ECF No. 74)

Because Abiola has filed a Notice of Appeal, the Court must begin by determining whether it has jurisdiction to address this motion. The filing of a notice of appeal generally divests a district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal. *Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Natural Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995); *see also* Fed. R. Civ. P. 4(a)(4).

The central focus of Abiola's motion are his arguments that the settlement agreement is invalid and his accusations that Defendants and their counsel are engaging in serious misconduct. The filing contains fresh allegations of improprieties and a request for monetary sanctions that Abiola has not previously made. These are not "remedial" matters; they go to the very heart of Abiola's appeal, which concerns whether the settlement is enforceable. The Court cannot decide them without expanding its prior order and infringing on the Sixth Circuit's appellate jurisdiction. *See N.L.R.B. v. Cincinnati Bronze*, 829 F.2d 585, 588 (6th Cir. 1987). The motion is therefore **DENIED without prejudice**.

4

**B. Motion for Stay (ECF No. 76)**

Abiola asks for an indefinite stay to "allow the government agencies [to which he has referred his case] to conduct their investigations [of his reports of fraud and other crimes] unimpeded"—or for the Court to refer his case to mediation. (ECF No. 76, PageID.964-65.) He does not discuss his likelihood of success on appeal.

Defendants respond that Abiola has no authority supporting his proposition that the Court should stay enforcement of its order to allow other government branches to investigate a matter he has now litigated and lost. (ECF Nos. 79, 80.) They ask for attorneys' fees incurred in responding to the motion, as well as an order enjoining Abiola from further filings in this case.

Under Federal Rule of Appellate Procedure 8(a), a party seeking to stay a district court order pending an appeal must first make its request in the district court.[1] A court evaluating such a request considers the same four factors that are typically considered in evaluating a motion for a preliminary injunction: (1) the likelihood that the party the party will prevail on the merits; (2) the likelihood that the party will be irreparably harmed without a stay; (3) the prospect that others will be harmed if the court grants a stay; and (4) public interest. *Mich. Coalition of Radioactive*

---

[1] The Court acknowledges that Abiola moved for a stay before he filed a notice of appeal. In light of his pending appeal, the Court will construe his filing as a motion under Federal Rule of Appellate Procedure 8.

*Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). The party seeking the stay has the burden of demonstrating its entitlement to the stay. *SIEU Local 1 v. Husted*, 698 F.3d 341, 342 (6th Cir. 2012).

Abiola has failed to demonstrate his entitlement to a stay. With respect to the first stay consideration, the Court does not see a reasonable likelihood of reversal on appeal. Abiola admits that he accepted the first settlement payment check but failed to move out, which he was unambiguously required to do by the terms of the agreement. And his arguments that Defendants' post-settlement actions nullified the settlement and that the Court lacks jurisdiction to enforce the agreement have already been twice rejected.

As for the second consideration, loss of unique property is certainly a serious harm. Yet under the terms of the settlement agreement Abiola was supposed to have vacated it over four years ago.

As for the third and fourth considerations, the Court concludes that Defendants in this case and public policy would both be harmed by granting a stay. Abiola has extended by over four years his stay at a property that he agreed to surrender to Defendants. It is not clear what, if any, payments he has made on the property during this time. To be sure, it is in the public interest to allow investigations of alleged mortgage fraud. But Abiola has been disputing his loan for many years and has already once purported to settle his claims against Defendants.

Public policy is not well served by allowing litigants to escape their obligations under a settlement agreement at the first feeling of remorse.

Abiola's Motion for a Stay is thus **DENIED**. He remains free to seek a stay from the Sixth Circuit. *See* Fed. R. App. P. 8(a)(2). The Court notes that, under Federal Rule of Civil Procedure 62(a), the December 19, 2022 order was automatically stayed for 30 days after entry.

In light of Abiola's self-represented status and his pending appeal, the Court does not find that an award of attorneys' fees is appropriate. Since the matter is now pending in the Sixth Circuit, however, Abiola is **WARNED** that any additional filings submitted to this Court during the pendency of his appeal will be viewed as repetitive and harassing. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).

### III. Conclusion

For the reasons explained above, Abiola's Motion for Judgment and Sanctions (ECF No. 74) is **DENIED.** His Motion to Stay the Court's December 19, 2022 Order (ECF No. 76) is also **DENIED.**

**IT IS SO ORDERED**, this 19th day of January, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

7